## Freckman et al. v. Taylor.

October 22, 1948.

Wm. E. Wehrman and Wm. J. Deupree, Jr. for appellants.

Stanley Chrisman for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, John Taylor, in a claim for real estate broker's commission, recovered judgment against appellants. From that judgment this appeal is prosecuted.

Appellants state that there are two questions involved, namely: "1. Did the trial court err in failing to peremptorily instruct a verdict for the plaintiff? 2. Is the verdict of the jury flagrantly against the weight of the evidence?" It is obvious that the combined questions present only one, for if the evidence was not sufficient to support the verdict, then a peremptory instruction should have been given. We will, therefore, consider the questions as one.

Appellee, a licensed real estate broker, has been engaged in that business for about 30 years. Appellant, Mrs. Sophelia Freckman, also a licensed real estate broker, has been engaged in the real estate business approximately 5 years. Her husband, Otto Freckman, has been ill and unable actively to engage in any business for about 10 years.

The record discloses that in the early part of September 1946, appellee and his grandson, Howard Williams, also a real estate broker, in driving past the house of appellants, noticed a sign which read: "House for Sale—Inquire Within." They entered the home for the purpose of making inquiry relative to the house. The testimony is conflicting as to what happened at this time. It appears that Mr. Freckman was not at home but that Mrs. Freckman showed Taylor and his grandson about the place, at which time, according to appellee, Mrs. Freckman stated that she would be glad to have them show the house and to sell same, and that she would take $15,000, but if they sold it for $15,500 she would pay the commission. This was denied by appellant. Knowing that his nephew, Charles Taylor, was interested in finding a place, appellee, after leaving the home of the Freckmans, went immediately to see this nephew. He informed him about the house he had just inspected. That same afternoon Charles and his wife went to appellants' house for the purpose of inspecting it. After looking through the premises Charles inquired about a telephone. He then called his uncle, John Taylor, who had told him about the house, and stated that he had decided to buy it. Appellee and his grandson came

immediately to the house where a contract of purchase was written on appellee's business form contract blank. This was signed by Charles Taylor and Mrs. Freckman. Charles Taylor then delivered to Mrs. Freckman a $500 check payable to Mr. and Mrs. Freckman as initial down payment, the balance of $15,000, according to the contract, was to be paid in 30 days upon delivery of deed.

Shortly thereafter question arose as to the validity of the contract since Mr. Freckman had not joined in same. Whereupon, they went to see a lawyer, Stanley Chrisman. Arrangements were then made for a meeting of the parties in the office of Mr. Chrisman on September 18th in order to execute a new sales contract. It appears that Mr. Freckman had objected to signing the old contract because it was on sales contract form used by appellee. He insisted that the new contract be written on the form bearing appellants' business name. The new contract was, therefore, written on appellants' contract form and the new contract signed by all the parties. It appears from the record that this was done in the absence of appellee, John Taylor.

After the deed was executed and the purchase price paid according to contract, appellee sent the Freckmans a statement for his commission. This suit was instituted upon their refusal to pay this commission.

Obviously, from the above it cannot be said there is no evidence of substantive value to support appellee. While the testimony is somewhat contradictory, it is undeniable that it was through the efforts of the appellee that appellants and prospective purchaser were brought together and the sale consummated. The testimony of appellee and his grandson, taken together with the facts surrounding and the acts leading up to the contract and sale, is amply sufficient to support the jury in its verdict. It is well established that the finding of ultimate facts from conflicting testimony is a function imposed by law upon the jury. Where there is evidence to support that finding, we will not disturb it. Consequently, the court properly overruled the motion for peremptory instruction.

The judgment is affirmed.