## Bituminous Casualty Corporation v. Campbell.

November 15, 1949.

John B. Wall & Son for appellant.

G. E. Reams for appellee.

J̲UDGE̲ C̲AMMACK̲—Affirming.

The Bituminous Casualty Corporation issued an insurance policy protecting Silas Campbell, a contractor, from liability resulting from workmen's compensation claims. An advance premium of $500 was paid by Campbell. During the course of the coverage period additional payments were made which were computed according to a schedule setting forth the rates on different types of work per $100 of the payroll. At the end of the coverage period a final settlement was to be made between the insurer and the insured. This action is the result of a dispute over the balance of premium due the insurer.

The Corporation contends that the final accounting showed Campbell to be in arrears in the amount of $1,453.85 after deduction of a credit of $203.98 allowed as a premium discount. Campbell admits liability to

the extent of $340.36, which amount does not include any allowance for a premium discount.

The jury returned a verdict in favor of the Corporation for $340.36. From the judgment entered thereon the Corporation is appealing for the balance of the amount sought in the petition, and Campbell is cross-appealing for the allowance of a premium discount to be credited on the sum allowed the Corporation.

The appellant raises five questions on the appeal. The first contention is that the court erred in refusing to transfer the case to equity. The basis of this contention is that the matter was one involving such complicated accounts as to bring it within the provisions of section 10 of the Civil Code of Practice. However, there appears to be no controversy concerning the payroll items. Rather, the only controversy is as to the classification of the payroll items on one job and the applicable premium due thereon. This, of course, is but a question of fact and the trial court did not abuse its discretion in overruling the appellant's motion for the transfer. Insurance Co. of North America v. Creech Drug Store, 264 Ky. 364, 94 S. W. 2d 654.

The second ground advanced is that the verdict is not sustained by the evidence. As stated, the controversy involves the allocation of the payroll on one job to the proper premium classifications. The record shows that with but two exceptions the premiums listed by the appellee on the various construction jobs are the same as or higher than those contended for by the appellant. Of the remaining two, there is a slight discrepancy as to one, but a very large difference in the other. The Corporation introduced its payroll auditor and its construction engineer, who testified that the payroll figures were submitted by the appellee with the classifications made. These witnesses also stated that the classifications were made as the result of conferences between the insurer's construction engineer and the insured's foreman in charge of the work at the particular location. On the other hand, Campbell introduced a work sheet showing the premiums on each job, along with the amounts previously paid and the balance he admits he owes the Corporation. He also introduced proof as to the classifications of the work that was performed. Although a clearer presentation of evidence

could have been made by both parties, it is sufficient to sustain the jury's findings. Freckman v. Taylor, 308 Ky. 326, 214 S. W. 2d 399.

The third and fourth grounds may be combined because they relate to the instructions. The objection to the first instruction, which directed the jury to return a verdict for the amount admittedly due, is that it also permitted the jury to credit this amount with a premium credit of $203.98. Since this figure was based on and deducted from the premium contended for by appellant, it was not a proper deduction from the much smaller premium which the appellee admitted owing. However, this error becomes moot in view of the fact that the jury did not allow the credit. The first instruction offered by the appellant directed a verdict of the amount admittedly due it without providing for any credit. Since the jury awarded such an amount and allowed no credit, the appellant can not claim to have been injured by the rejection of this instruction.

It is insisted that the second instruction is inadequate. It follows: ''However, the court instructs the jury, if you believe from the evidence in this case that the indebtedness between the parties to this action is as set out by the plaintiff's evidence, you will find for the plaintiff in an extra amount not covered by instruction No. 1 herein not to exceed the sum of $1,113.49 with interest thereon since the first day of January, 1947; unless you so believe, you will find as set out in instruction No. 1 herein.'' The instruction adequately covers the situation and is couched in terms which the jury could easily understand. The second instruction offered by appellant, the rejection of which is assigned as error, contained only matters which were presented adequately to the jury by instruction No. 2 given by the court.

Lastly it is urged that the court improperly admitted the testimony of Wallace Babbage, a bookkeeper for the firm retained to keep the appellee's books. It is contended that the witness did not prepare the records from which his exhibit was made. This contention is based upon the ground that another employee signed the final report. However, the witness testified that he kept most of the records concerning Campbell's account and that the exhibit was made from the records

in the office where he works. We think the exhibit and testimony were admitted properly.

The appellee has cross-appealed from the judgment, contending that he was entitled to a premium credit of $203.98. Reference to the premium discount is found in the proof of the appellant. In proving the amount prayed for in the petition, the appellant showed that a discount of 7.7 per cent of the Kentucky premium had been deducted from the total premium. At no time did the appellee plead that he was entitled to any credit. Rather, by his amended answer he admitted liability to the extent of $340.36 and asked that judgment be given against him for that amount. It is true that he requested and received an instruction authorizing the jury to deduct from his admitted liability a credit far in excess of that to which he would be entitled under any circumstances. This was, as has been said, erroneous. He offered no proof as to the amount of credit to which he would have been entitled, if any. Without pleading or proving a credit, he could not claim one. Under the circumstances, we feel that the jurors equitably disposed of the whole case and we are not inclined to disturb their verdict.

Judgment affirmed on both the appeal and the cross appeal.